## BROWN *v.* HARNESS.

An agreement to extend the time of payment of a promissory note, in consideration of usurious interest, is not binding, and will not discharge a surety.

*Quære:* Whether a review of a judgment should in any case be granted, on the ground of newly discovered evidence alone.

APPEAL from the *Howard* Common Pleas.

HANNA, J.—*Harness* sued *Brown*, as the joint maker of a note. *Brown* answered that he was surety only, and that he was not indebted. Second. That he had notified *Harness* to sue the principal. Third. Usury. Judgment for the plaintiff. At the first term of the Court afterward, *Brown* filed a petition for a review of said judgment, averring the above facts, and, in addition, that the only evidence given on the trial was the note sued on; that said defense

was true; but that after diligent inquiry and search, he was unable to find any witness, before the time of said trial, by whom he could prove the same. That he filed interrogatories to the plaintiff, who answered the same evasively and falsely. That since the judgment he has discovered, that after the note became due, *Harness*, without his knowledge, and in consideration of the reception at one time of ten, and again of two dollars of said *Kirkpatrick*, agreed with him to, and did, extend the time of payment of said note for one month. That he can prove these facts, and also the suretyship, by two persons named, and whose affidavits, in corroboration, are filed. A demurrer to the complaint was sustained, on the ground that it did not state facts sufficient. This ruling presents the only point in the case.

The statute under which the proceeding was instituted provides, that "The complaint may be filed for any error of law appearing in the proceedings and judgment, or for material new matter discovered since the rendition thereof, or for both causes, without leave of Court." 2 R. S., p. 165.

The question urged upon our attention is, whether the discovery of new evidence to sustain the issues formed, or the discovery of facts other than such as might have been proven under the issues thus made, are properly embraced within this statute.

It is sufficiently shown that the testimony now proposed to be brought forward is new, and additional to any introduced on the former trial as to the issues then made; that a proper degree of diligence had been used in seeking for evidence, before that trial; and that it would, *prima facie*, establish a cause of defense not then directly set up, namely, the extension of time, &c.; unless it was subject to the objection that the agreement to forbear was invalid, on the ground of usury. We are inclined to think the agreement to forbear was not binding, and therefore could not have injured the defendant (present plaintiff); but the money paid should have been credited upon the note. It was not. Therefore, without deciding at present, whether a review should, in any case, be granted for newly discovered evidence alone, we are of opinion it should have been granted in this case. This will give the parties an

May Term, opportunity to present the matter to the Court below with
1861.    greater care.   See 2 R. S., § 356, p. 119.

*D. D. Pratt* and *D. D. Dykernan*, for the appellant.
  *Thos. J. Harrison*, for the appellee.